1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:   (415) 268-2000
4  Facsimile:    (415) 268-1999
   Email:         matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT;
7  ARISTA RECORDS LLC; UMG
   RECORDINGS, INC.; and ELEKTRA
8  ENTERTAINMENT GROUP INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DOE,<br>　　　　　Defendant. | CASE NO. 3:07-CV-04859-CRB<br><br>Honorable Charles R. Breyer<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Ex Parte Application and [Proposed] Order
Case No. 3:07-cv-04859-CRB
#37561 v1

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended 90 days.  As set forth in greater detail below, the Court has not yet issued an order on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, filed on September 20, 2007 and entered as Docket No. 3.  Unless and until the Court issues an order allowing Plaintiffs to take the discovery sought therein, Plaintiffs will be unable to discover the true identity of the Doe defendant in this case, and will be unable to effectuate service of process or otherwise advance this case.

1. Plaintiffs filed the Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name the defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider – here, University of San Francisco ("USF").

2. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, seeking the Court's permission to serve a Rule 45 subpoena on USF.  The Court has not yet ruled on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery.

3. If the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs will attempt to determine Defendant's true identity by serving a Rule 45 subpoena on USF seeking identifying information including Defendant's name, address, and telephone number.

4. If USF is able to identify Defendant, Plaintiffs will then give Defendant written notice of their claim and attempt to contact Defendant and resolve the dispute.  If the dispute cannot be resolved, Plaintiffs plan to file a First Amended Complaint naming Defendant individually and then proceed to serve process upon him or her.

5. However, unless the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs cannot identify the Doe defendant, initiate settlement talks, or name Defendant individually and begin service attempts.

6. The current deadline for service of process in this case is May 16, 2008. The Court issued a December 26, 2007 Order granting Plaintiffs' previous request for a 90-day continuance of the case management conference and 120-day extension of time for service of process. On March 26, 2008, the Court issued an Order granting Plaintiffs' further request for an additional 90-day continuance of the case management conference.

7. Plaintiffs' submit that the circumstances of this case constitute "good cause" under Rule 4(m) for an additional extension of time for service. *See Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions). Unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to USF, a process which cannot be completed unless and until the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

8. Therefore, Plaintiffs respectfully request that the time to serve the Summons and Complaint on Defendant be extended 90 days to August 14, 2008.

Dated: May 15, 2008                                HOLME ROBERTS & OWEN LLP


                                                  By: _____*/s/ Matthew Franklin Jaksa*___
                                                         MATTHEW FRANKLIN JAKSA
                                                         Attorney for Plaintiffs

1 **ORDER**

2 Good cause having been shown:

3 **IT IS ORDERED**, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1),
4 that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to August 14,
5 2008.

6

7

8 Dated: _____     By: _____
9                                              Honorable Charles R. Breyer
                                               United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28